UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   4:14 CR 207 HEA |
| | ) | |
| LARRY LEE HENDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION TO REVOKE DEFENDANT'S SUPERVISED RELEASE**

COMES NOW the United States of America, by and through the Acting United States Attorney for the Eastern District of Missouri, Carrie Costantin, and Jennifer J. Roy, Assistant United States Attorney for said District, and pursuant to Title 18, United States Code, Sections 3583 and 3553, and for the reasons set forth below, moves this Court to revoke the defendant's term of supervised release:

1.	On January 7, 2015, this Court sentenced the defendant to a term of imprisonment of 27 months and a three-year term of supervised release.

2.	The defendant's term of supervised release commenced on March 3, 2017.

3.	On May 3, 2017, the attorney for the Government contacted the USPO for a status update on the defendant's performance while on supervision.  The USPO advised this attorney that the officer had concerns about the nature of the defendant's employment.   The government's investigation has revealed that that the defendant is engaged in unauthorized employment as well as involved in financial dealings with a purported church and college.

1

4.      Since early February 2017, the defendant has been operating a public Facebook page for "The National Assembly of Churches" (hereinafter "NA Church").  In addition to posting photographs of his grandchildren, the defendant has posted a number of photographs and updates on the NA Church Facebook page which indicate that the defendant is clearly operating an unauthorized business and involved in financial matters in clear violation of the terms of his supervised release.  The cover photo for the NA Church page is the logo of the church and the defendant's name, "Bishop Larry Henderson-Bey" super-imposed on top of a photo of the defendant in an office setting.   The page contains two photographs of a boarded-up building dated March 5, 2017 with the captions: "I forgot to everyone this in east st. Louis and the site we feel should head up our Illinois East headquarter" and "Our next headquarter coming in June of 2017."  The page also contains a photograph of the interior of an office and the reflection of the photographer (the defendant) in the window, with the caption, "The credit union and admission office new city location is almost complete."  The defendant took a video of the interior of the office and his voice narrates as the camera pans the area.  The NA Church page also includes recruiting posts for DM College, job postings, offers of free tuition to DM College, and a hyperlink connected to a PayPal portal for donations to DM College.   (Gov. Ex. 1)

5.      On April 12, 2017, the defendant posted the following:

> We just got a donor in whom is paying the tuition of the
> first 300 application, who apply online and he is also
> paying 80% of the application fees.   Which mean that you
> have to pay $15 to enroll today.   Go www.dmcollege.org
> [hyperlink removed] or you my call us 636 224 6180.

(Gov. Ex. 1)   The hyperlink included on the post is linked to the "Daniel Matthew Ecclesiastical College" webpage.   The DM College webpage reflects the defendant's cellular telephone number

2

as the contact number for the college.  The site claims that DM College is "the largest ecclesiastical college providing marketable/occupational studies to local churches and ex-offenders…[more] than 1,200 church students currently attend DMEC….For more than 24 years DMEC has provided ecclesiastical educational opportunities for women, men, and minorities….The tuition is $3,400…plus a onetime (non-refundable) $45 registration fee…." The defendant's son, "Daniel L. M. Henderson", is identified as the "Chair of Board of Incorporators." (Gov. Exs. 2 and 3)

6. The defendant's personal cell phone number is the same number listed on the DM College website.  When a caller dials that number, the caller reaches an automated voicemail that lists a number of extensions including the "College Bishop's Office."  When the caller attempts to transfer the call to the Bishop's Office, the caller reaches yet another automated voicemail.

7. Title 18, U.S.C., Section 3583, "Inclusion of a term of supervised release after imprisonment", provides in pertinent part that:

> **(a)** …
> **(b)** …
> **(c)** …
> **(d) Conditions of supervised release.**- …The court may order, as a further condition of supervised release, to the extent that such condition—
>> (1) is reasonably related to the factors set forth in section 3553…;
>> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553…; and
>> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)….
>
> **(e) Modification of conditions or revocation.-**   The court may, after considering the factors set forth in section 3553…
> (1)
> (2)
>> (3)   revoke a term of supervised release, and require the defendant to serve in prison all or part of the term

3

>of supervised release…if the court…finds by a preponderance of the evidence that the defendant violated a condition of supervised release….

(Title 18, U.S.C. §3583).

8. At the time of sentencing, this Court imposed the standard conditions of supervision and ten "Special Conditions of Supervision" including in relevant part:

>8. The defendant shall not be self-employed or be employed as a 'consultant' without the written permission of the probation office. Defendant will not be employed as a board member or a consultant or a volunteer or aid or assistant or in any other capacity associated with the church that has been the subject of discussion here that would allow him in any way, shape, manner, or form access to or involvement in any type of financial activity.
>
>9. The defendant shall not create, operate, manage, or participate in the creation, operation or management of any business entity, including a family business without the written permission of the probation office.

(Judgment, p. 4).

9. At sentencing, this Court specifically addressed the issue of the defendant's employment and involvement in handling finances:

>**Court:** In other words, sir, you can participate with your church. You just can't be involved with making any money decisions. You can't touch any money. You can't be involved with making any financial decision. You can't even collect money for the church. Okay? At a service, you can't pass a hat. You can't pass a basket. You can't be involved with any money making decisions.
>
>…
>
>**Court:** You can't do anything relating to your church that has to do with money period. I don't know how that can be more simple. You can't talk to anybody about—you can't give any advice about what the church should do about money. You can't participate in any fundraising for the church if the church needs to make money. You can't be involved with the church giving money to any members of the church to help them out--. You can't do anything with the church that has to do with money.
>Def: So in essence—
>Court: You can't do—in essence, you can't do anything in the church that has to do with money.

4

…

**Court:**   You must absent—you must absent yourself from anything involved with money relating to the church.

**Defendant:**   Even from—yeah, that's deep.

**Court:**   Yeah, it is.

…

**Court:**   If you don't understand it now and if you don't accept it now—

**Defendant:**   I understand—

**Court:**   --if you don't get it now—

**Defendant:**   --no finances.

**Court:**   --then there's no—if you understand it, then there's no issue.   There's no point in talking about it anymore if you understand it because the whole purpose of our discussion is for you to understand it.   You have told me that you understand it.   I'm done.

(Gov. Ex. 4, pp. 12-28).

10.   The Government requests pursuant to 18 USC §§ 3553 and 3583 that this Court revoke the defendant's term of supervised release.   The defendant clearly has violated the terms of his supervised release by engaging in financial matters concerning the NA Church and DM College and by not disclosing the nature of his employment with those entities to the USPO.

WHEREFORE, for the reasons stated above, the Government requests that this Court schedule a hearing on the Government's Motion to Revoke the defendant's supervised release. The Government anticipates presenting the testimony of the USPO and the United States Secret Service.   Because the defendant's prior counsel, Rodney Holmes, has a conflict and can no longer represent the defendant in this matter, the Court will need to appoint new counsel for the defendant.

Respectfully submitted,

CARRIE COSTANTIN
Acting United States Attorney

/s/*Jennifer J. Roy*
BY:   Jennifer J. Roy, 47203MO
Assistant United States Attorney
111 S. Tenth Street, 20th Floor
St. Louis, Missouri 63102

Certificate of Service

On May 3, 2017, this document was served on counsel for the defendant by way of the court's electronic case filing system.

*Jennifer J. Roy*
Assistant United States Attorney